# In the United States Court of Federal Claims

No. 18-927C
(Filed: September 18, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELECTRA-MED CORPORATION, *et al.*,

    *Plaintiffs*,

v.

THE UNITED STATES,

    *Defendant*,

    and

AMERICAN MEDICAL DEPOT, *et al.*,

    *Intervenors*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bid protest; Prime vendor contracts; Contract modification; Injunction; Balance of harms; Remand after appeal; Jurisdiction; Mootness.

    *Eric S. Crusius*, Tysons Corner, VA, for plaintiffs. *David S.* Black, *Gregory R. Hallmark*, and *Mary Beth Bosco*, of counsel.

    *David M. Kerr*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Ethan P. Davis*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Claudia Burke*, Assistant Director, for defendant. *Jason Fragoso*, U.S. Department of Veterans Affairs, Office of General Counsel, of counsel.

### ORDER

    Plaintiffs filed their bid protest complaint on June 27, 2018, alleging that the Department of Veterans Affairs ("VA") improperly modified four already-existing prime vendor contracts to avoid competition for the items that those vendors would be distributing to the VA. The contract modifications had the effect of putting the selection of items and suppliers for its VA hospital formulary in the hands of the prime vendors instead of selecting those suppliers and items through normal federal contracting processes.

We eventually agreed with the protestors that the justification for having done so was insufficient, meaning that the contract modifications were an illegal attempt at avoiding competition and veteran preference requirements for VA contracting. *Electra-Med Corp. v. United States*, 140 Fed. Cl. 94, 104-106 (2018). We did not afford relief, however, because the government established that the harm to the VA from an injunction would outweigh the harm to the plaintiffs. *Id.* at 106-107 (the VA's inability to centralize and standardize its medical supply chain outweighed plaintiffs' loss of opportunity to compete). We noted in our consideration of the harm to the plaintiffs that, although the loss of opportunity to compete was irreparable, it was somewhat limited by the potential that the plaintiffs might still be selected by the prime vendors as suppliers for particular items and by the fact that the contracts modified by the VA would, if the option periods went unexercised, expire in 18 months. *Id.* at 106. We also found that the public had a weighty interest in the provision of "high quality healthcare to veterans" that was, in this instance, greater than the public's interest in a legally sound procurement. *Id.* at 107. The weighing of those factors did not favor an injunction, and thus relief was denied.

Plaintiffs appealed. The Federal Circuit affirmed, finding no abuse of discretion in our weighing of the equities, especially considering the very temporary nature of the prime vendor contracts. 791 Fed. App'x 179, 182 (Fed. Cir. 2019). At the time of the circuit's decision, only six months remained on the prime vendor contracts if the options went unexercised. *Id.* Given the possibility that the life of the prime vendor contracts might be extended, however, the court remanded the matter for this court to retain jurisdiction and consider whether the harms still favored the government should the options be exercised. *Id.* at 182-83.

In a May 2020 status report, defendant reported that the VA chose not to exercise the prime vendor contract options and instead put four "short-term bridge contracts in place to fill the gap until it can award the MSPV 2.0 vendor contracts." Joint Status Report at 1 (May 11, 2020) (ECF No. 72). The parties reported that the VA intended to award the new contracts in September. *Id.* Defendant and intervenors indicated that they believed that the protest should now be dismissed due to the expiration of the prior prime vendor contracts, while plaintiffs represented that their position was that the bridge contracts were an extension of the status quo in all but name only and that they continued to be harmed by the VA's actions. *Id.* at 2-3. We held a status conference on July 29, 2020, at which the parties reiterated these

2

positions. We thus directed defendant to file a motion to dismiss. That motion (ECF No. 74) is now fully briefed; oral argument is unnecessary.

Defendant's point is that the modified contracts, which gave rise to the protest, are now at an end. The agency did not exercise the option periods because it intends to award new prime vendor contracts—we assume compliant with procurement statutes and regulations—well before the expiration of the option period (November 2021). In fact, the motion and attached affidavit of the VA's Dr. Jamie Wilbur represent that the VA intends to award as soon as practicable after a General Accountability Office ("GAO") protest is resolved in October 2020. Because there was a gap between the March expiration and the expected award of the new prime vendor contracts, the agency executed four short-term bridge contracts to meet its medical supply distribution needs in the interim. Defendant argues that the Federal Circuit's concern that the harms might shift if the option periods were exercised has not and cannot materialize, and thus this protest is moot. If plaintiffs have an issue with the bridge contracts, defendant argues, that the challenge must be a separate protest because those contracts are not the subject of this bid protest. We agree.

Plaintiffs' response is, once again, that they continue to be harmed by the VA's use of non-competitive measures to fill its medical supply needs. Whether denominated as bridge contracts or extensions of the prime vendor contracts, plaintiffs urge that the status quo is unchanged. Thus, the Federal Circuit's concern that the continued passage of time would, in effect, increase the harm to plaintiffs beyond that contemplated by our prior order continues to be relevant, argue the protestors. They believe we should retain jurisdiction and reconsider our prior holding that an injunction was unmerited. Plaintiffs go further and raise the specter of a new legal issue resulting from the Defense Logistics Agency's ("DLA") announcement of future purchasing for the VA. Plaintiffs aver that some of that purchasing will cover work included in the prime vendor contracts and will be yet another dodge of competition requirements by the VA. Plaintiffs thus conclude by asking the court to grant plaintiff's motion for a preliminary injunction.[1]

---

[1] It is unclear whether this was stated in error at the end of plaintiff's opposition or whether it was in fact a request to reactive plaintiffs' 2018 request for preliminary relief (ECF No. 4). We denied that request on the record on July 12, 2018, and the case continued to resolution through motions for judgment on the administrative record. *See* Order Denying Mot. for

Although we appreciate plaintiffs' perspective that the harm to them continues unabated, the parties' legal rights have changed. The contract modifications that harmed plaintiffs are no longer at issue because the prime vendor contracts have expired of their own terms. Plaintiffs' request that we consider the legality of the bridge contracts or even the alleged new actions taken, or soon to be taken, by DLA with respect to VA's purchasing of medical supplies belies their point. The legality of those actions is unrelated to our resolution of plaintiff's 2018 bid protest complaint. We do not sit as an agency ombudsman reviewing each VA contracting decision as it happens. There is no agency action with respect to the prior prime vendor contracts that we could enjoin. The new short-term bridge contracts are separate vehicles and their legality is unrelated to the contract modifications that are the subject of this bid protest. In other words, no possibility of relief remains in this case. There is thus no longer a present case or controversy that would supply the necessary jurisdictional hook to keep plaintiffs' complaint alive. In the absence of such, we must dismiss. *See Arkham Tech. Ltd. v. United States*, 145 Fed. Cl. 751, 755 (2019) (denying plaintiff's motion to reopen the judgment because no relief was available and thus no case or controversy remained).

Accordingly, defendant's motion to dismiss is granted.[2] The Clerk of Court is directed to dismiss the complaint and to enter judgment accordingly. No costs.

s/Eric G. Bruggink
Eric G. Bruggink
Senior Judge

---

Prelim. Inj. (July 13, 2018) (ECF No. 35).

[2] Earlier today, plaintiffs filed a request (ECF No. 77) to present supplemental briefing regarding a GAO report that, they allege, details continuing problems with the award of the new prime vendor contracts and states that the contracts will now not be awarded until early next year. No response is necessary, however, because, even if we assume these allegations to be true, they would not change our holding that the court has lost jurisdiction due to the expiration of the originally-protested contracts. The motion is thus denied.

4